IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRALD D. GAZAWAY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:23-CV-0699-WBS-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss.  See ECF No. 12.  Petitioner has filed an opposition.  See ECF No. 14.  Respondent has filed a reply.  See ECF No. 16.  Petitioner has also filed two sur-reply briefs without leave of Court.  See ECF No. 17 and 20.

Petitioner filed this action on April 14, 2023, challenging a decision by the California Board of Parole Hearings, rendered following the Governor's request for review, to rescind a previous recommendation that Petitioner be granted parole.  See ECF No. 1.  Petitioner claims that the decision violated his federal due process rights because it is not based on sufficient evidence of Petitioner's current dangerousness, as required under California law.  See id.  Respondent argues that Petitioner fails to state a cognizable federal claim.  See ECF No. 12.  For the reasons discussed below, the Court agrees.

1

Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. <u>Id.</u> at 7.  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

<u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per curiam) (citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  442 U.S. at 16.  "The Constitution," we held, "does not require more."  <u>Ibid.</u>  Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.  (citations omitted).  That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .

<u>Id.</u>

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process."  <u>Id.</u> at 862-63 (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

/ / /

/ / /

/ / /

In this case, Petitioner claims that his federal due process rights were violated because the denial of parole was not based on "some evidence," specifically evidence of current dangerousness.  As discussed above, it is not the place of the federal court to rule on how California's "some evidence" parole standard has been applied except to inquire as to the basic procedural guarantees.  Here, Petitioner has not claimed any denial of notice or a right to be heard.  Because the federal constitution requires nothing more in the parole context, the petition must be denied.

Based on the foregoing, the undersigned recommends as follows:

    1.    Respondent's motion to dismiss, ECF No. 12, be GRANTED.

    2.    All other pending motions, ECF Nos. 3, 21, 25, and 27, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE