IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRALD D. GAZAWAY, | No. 2:23-CV-0699-WBS-DMC-P |
| Petitioner, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court are: (1) Petitioner's motions for leave to amend, ECF Nos. 34 and 36; (2) Respondent's opposition thereto, ECF No. 38; and (3) Petitioner's first and second amended petitions, ECF Nos. 35 and 37.

**I.  PROCEDURAL HISTORY**

Petitioner initiated this action with a pro se petition filed on April 14, 2023.  See ECF No. 1.  Petitioner raises seven claims challenging the evidence cited in support of denial of parole.  See id. at 18-20.  The original petition raises no claim that the hearing officer was biased.  See id.  Petitioner states in the petition that he presented his seven claims related to evidence cited in support of the parole denial to the California Supreme Court, which denied relief.  See id.

///

1

On July 24, 2023, the Court directed Respondent to file a response to the petition. See ECF No. 9. Respondents filed a motion to dismiss on September 21, 2023, arguing that Petitioner's claims are not cognizable. See ECF No. 12. On May 14, 2024, the Court issued findings and recommendations that Respondent's motion to dismiss be granted. See ECF No. 28. Petitioner filed objections on June 3, 2024. See ECF No. 33. Before the District Judge ruled on the findings and recommendations, Petitioner filed the pending motions for leave to amend and amended petitions. See ECF Nos. 34, 35, 36, and 37. Respondent opposed amendment. See ECF No. 38. Petitioner has filed a reply. See ECF No. 39.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

///

///

///

Where a party files an amended pleading without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

Here, leave of Court is required to amend because Petitioner's motions for leave to amend were filed more than 21 days after Respondent filed its motion to dismiss. In his motions for leave to amend, Petitioner seeks to amend to now claim that the decision to deny parole resulted from biased hearing officers who, in turn, allowed fabricated and false evidence to enter the record and serve as the basis for denying parole. See ECF No. 34.

The Court finds that leave to amend would be futile for three reasons: (1) the new claim is not cognizable; (2) the new claim is unexhausted; and (3) the new claim is untimely.

### A. Claim Not Cognizable

As explained in the May 14, 2024, findings and recommendations, the only parole-related claims which are cognizable on federal habeas review are claims related to notice and an opportunity to be heard. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam). Claims relating to the nature of the evidence used to deny parole are not cognizable. See id. Allowing amendment to add a claim which is not cognizable would be futile.

### B. Claim Unexhausted

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

1  "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest
2  state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the
3  time the petitioner filed the habeas petition in federal court no state remedies are available to the
4  petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v.
5  Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional
6  requirement and the court may raise the issue sua sponte.  See Simmons v. Blodgett, 110 F.3d 39,
7  41 (9th Cir. 1997).

8  Regardless of whether the claim was raised on direct appeal or in a post-conviction
9  proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's
10 highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine
11 requires only the presentation of each federal claim to the highest state court, the claims must be
12 presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640
13 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by
14 the state courts on procedural grounds, where other state remedies are still available, does not
15 exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet,
16 640 F.2d at 237-89.

17 Here, Petitioner states in the original petition that he exhausted seven claims
18 relating to the nature of the evidence cited in the decision to deny parole.  See ECF No. 1.
19 Specifically, Petitioner claims the evidence was fabricated and false.  See id.  Petitioner has not
20 exhausted any claim that the hearing officers were biased.  Because the new claim is unexhausted,
21 allowing amendment to add it would be futile.

22 **C.    Claim is Untimely**

23 Federal habeas corpus petitions must be filed within one year from the later of: (1)
24 the date the state court judgment became final; (2) the date on which an impediment to filing
25 created by state action is removed; (3) the date on which a constitutional right is newly-
26 recognized and made retroactive on collateral review; or (4) the date on which the factual
27 predicate of the claim could have been discovered through the exercise of due diligence.  See 28
28 U.S.C. § 2244(d).  The one-year limitations period is applied on a claim-by-claim basis.  See

Mardesich v. Cate, 668 F.3d 1164, 1169 (9th Cir. 2012).

The commencement of the statute of limitations for habeas petitions challenging the denial of parole is based on § 2244(d)(1)(D), that is, the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004), Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003).  In habeas proceedings challenging an administrative decision, courts within the Ninth Circuit, relying on the opinions in Shelby and Redd, have determined that discovery of the factual predicate cannot occur until the administrative decision is final.  See Shelby, 391 F.3d at 1065-66; Redd, 343 F.3d at 1084-85; Tafoya v. Subia, 2:07cv2389, 2010 WL 668920 *2-3 (E.D. Cal. Feb. 23, 2010); Webb v. Curry, 2010 WL 235073 (N.D. Cal. Jan. 21, 2010); Van Houten v. Davidson, 2009 WL 811596 (C.D. Cal. March 26, 2009); Wilson v. Sisto, 2008 WL 4218487 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, 2008 WL 2509509 (E.D. Cal. June 23, 2008)); see also Cal. Code Regs., tit. 15, § 2041(h), Cal. Penal Code § 3041(b) (Board decisions are final 120 days after the hearing).

In the original petition, Petitioner states that he was denied parole at a recission hearing on July 16, 2021.  See ECF No. 1, pg. 1.  The decision became final and the one-year statute of limitations began to run 120 days later on November 13, 2021.  The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  Because Petitioner did not raise the new claim relating to biased hearing officers in state court, he is not entitled to statutory tolling, and the one-year limitations period expired in November 2022.  Assuming that the new claim would relate back to the date of filing of the original petition on April 14, 2023, it is untimely by five months.  Allowing amendment to add a claim which is time-barred would be futile.

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motions for leave to amend, ECF Nos. 34 and 36, are DENIED.

2. The first amended petition, ECF No. 35, and second amended petition, ECF No. 37, are STRICKEN.

Dated:  August 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE