IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRALD D. GAZAWAY,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Respondent. | No. 2:23-CV-0699-WBS-DMC-P<br><br><br><br>ORDER |

       Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Final judgment was entered on August 30, 2024. See ECF No. 43. Pending before the Court in this closed action is Petitioner's motion to amend the judgment. See ECF No. 45.

       In his motion, Petitioner states that he seeks relief pursuant to Federal Rules of Civil Procedure 52(b), 59(a), and/or 59(e). See id. Rule 52(b) outlines procedures for a motion to amend or make additional findings related to a final judgment. See Fed. R. Civ. P. 52(b). Relief under that provision is unavailable in this case because a motion under Rule 52(b) must be filed within 28 days after entry of judgment and Petitioner's pending motion was filed on January 13, 2025, which is more than 28 days after entry of final judgment on August 30, 2024. The Court will, therefore, analyze Petitioner's motion under Rule 59(a) and (e).

///

1

Rule 59(a), which governs motions for a new trial, is inapplicable in this case because no trial was held. Generally, a motion to alter or amend a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). As with relief under Rule 52(b), relief under Rule 59(e) is also unavailable in this case because Petitioner's motion was filed more than 28 days after entry of final judgment.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to amend the August 30, 2024, final judgment, ECF No. 45, is DENIED.

Dated:  June 17, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.