IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRALD D. GAZAWAY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:23-CV-0699-WBS-DMC-P<br><br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Final judgment was entered on August 30, 2024. See ECF No. 43. Pending before the Court in this closed action are: (1) Petitioner's motion to amend the judgment, which has been docketed as objections, ECF No. 44; and (2) Petitioner's motion for reconsideration of the Court's June 18, 2025, order denying Petitioner's previous motion to amend the judgment, ECF No. 53.

    By way of background, following the Court's entry of final judgment on August 30, 2024, Petitioner filed two motions challenging the judgment. The first such motion was filed on September 9, 2024, and incorrectly docketed as objections to the final judgment. See ECF No. 44. Because the filing was not docketed as a formal motion, it was not previously addressed by the Court. On January 13, 2025, Petitioner filed a second motion challenging the final judgment. See ECF No. 45. This motion was docketed as a formal motion and denied by the

1

1    Court on June 18, 2025.  See ECF No. 47.  Petitioner now seeks reconsideration of the June 18,
2    2025, order.  By this order, the Court will address both pending motions.
3           In his filing at ECF No. 44, Petitioner states that he seeks relief pursuant to
4    Federal Rules of Civil Procedure 52(b), 59(a), and/or 59(e).  See ECF No. 44, pg. 1.  Rule 52(b)
5    outlines procedures for a motion to amend or make additional findings related to a final
6    judgment.  See Fed. R. Civ. P. 52(b).  While Petitioner argues that the Court's final judgment
7    was "induced by a clearly erroneous view of the law," the Court finds no such error.  Final
8    judgment was entered in this case because Petitioner's claim that the denial of parole was not
9    based on "some evidence" is barred.  See ECF Nos. 28 (findings and recommendations) and 42
10   (order adopting findings and recommendations).  Petitioner has not pointed to any facts which
11   would suggest that the Court's determination was clearly erroneous, either legally or factually.
12          Relief under Rule 59(a), which governs motions for a new trial, is also
13   inapplicable in this case because no trial was held.
14          Generally, a motion to alter or amend a final judgment is appropriately brought
15   under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388
16   (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v.
17   McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  Under Rule 59(e), three grounds may justify
18   reconsideration: (1) an intervening change in controlling law; (2) the availability of new
19   evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Kern-Tulare
20   Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on
21   other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389
22   Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No.
23   1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  As with relief under Rule 52(b), the
24   Court finds that relief under Rule 59(e) is also unavailable for the same reasons discussed
25   above.
26   / / /
27   / / /
28   / / /

2

1      Finally, addressing Petitioner's motion for reconsideration of the Court's June 18, 2025, order denying Petitioner's second motion to alter or amend the judgment, Petitioner argues that reconsideration is warranted because the Court erroneously denied Petitioner's second motion, in part, because it was not filed within 28 days after entry of final judgment whereas his first motion was filed within the 28-day period.  See ECF No. 53.  Because the Court herein addresses Petitioner's first motion to alter or amend the judgment at ECF No. 44 on the merits, reconsideration of the Court's June 18, 2025, order addressing Petitioner's second and identical motion is rendered moot.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Petitioner's motion to amend the August 30, 2024, final judgment, ECF No. 44, is DENIED.

2.  Petitioner's motion for reconsideration of the June 18, 2025, order, ECF No. 53, is DENIED.

Dated:  August 15, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3