UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JERRALD D. GAZAWAY,

        Petitioner,

   v.

STATE OF CALIFORNIA,

        Respondent.

No. 2:23-cv-699 WBS DMC P

ORDER

----oo0oo----

Petitioner Jerrald D. Gazaway, who proceeds pro se, brought his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on April 14, 2023. (Docket No. 1.) Respondent moved to dismiss on September 21, 2023, on the grounds that petitioner's claims were not cognizable. (Docket No. 12.) The magistrate judge assigned to this case then issued findings and recommendations that the motion to dismiss should be granted (Docket No. 28), to which petitioner filed objections (Docket No. 33). Prior to the district court ruling on the findings and

1

recommendations, petitioner filed two motions for leave to amend and two amended petitions.  (Docket Nos. 34, 35, 36, 37.)  The magistrate judge then denied petitioner's motions for leave to amend and struck the amended petitions (Docket No. 40) and the court issued an order adopting the findings and recommendations in full and entered judgment thereto (Docket Nos. 42, 43).

Following an appeal, a panel of the Ninth Circuit vacated that judgment, remanding the matter for further proceedings consistent with Williams v. King, 875 F.3d 500 (9th Cir. 2017).  (Docket No. 58.)  Petitioner subsequently filed a third motion for leave to amend his petition.  (Docket No. 59.)  Accordingly, the court now considers petitioner's motions for leave to amend his original petition.  (Docket Nos. 34, 36, 59.)

I.    Legal Standard

Under Federal Rule of Civil Procedure 15, a party may amend his pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, or within 21 days after service of a motion under Rule 12(b), 12(e), or 12(f), whichever time is earlier.  See Fed. R. Civ. P. 15(a)(1)(A)—(B).  Outside of these circumstances, a pleading may only be amended either with leave of the court or upon stipulation of all parties.  See Fed. R. Civ. P. 15(a)(2).

When leave of the court to amend is sought, the court considers (1) if there is a reasonable relationship between the original pleadings and the proposed amended pleadings, (2) if

2

amendment would promote the interest of judicial efficiency and facilitate resolution of the controversy in its entirety, (3) if there has been any undue delay seeking to amend the pleadings, (4) if granting leave to amend would delay a trial on the merits, and (5) if amendment would prejudice the opposing party. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Further, a court properly denies leave to amend when the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Additionally, "[i]f an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect," and so is properly stricken. Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint).

II. Discussion

Through his motions, petitioner seeks amendment to claim that:

> [T]he Governor and the Rescission panel fabricated and used actual bias, prejudiced evidence, changed transcripts from mitigating to aggravating by removing the "not" from the statements, in the decision-making process of the parole rescission hearing, making the hearing inherently unreliable, to create a false evidentiary basis for rescinding the grant of parole.

(Docket Nos. 34 at 1, 36 at 1.)  Said another way, petitioner seeks to claim that his denial of parole was the result of biased hearing officers who admitted and then relied on fabricated and false evidence to reach their decision.  (See id.; see also Docket No. 59.)

3

Here, leave of court is required because petitioner's motions were filed more than 21 days after respondent filed its motion to dismiss (compare Docket Nos. 34, 36, with Docket No. 12), and because amendment is opposed by respondent (Docket No. 38).  However, because the court finds that leave to amend would be futile.  For the following reasons, petitioner's motions for leave to amend will be denied.

First, addition of petitioner's proposed claim is untimely.  Petitioner states that he was first denied parole on July 16, 2021.  (Docket No. 1 at 1.)  The one-year statute of limitations started to run when that decision became final -- on November 13, 2021 -- 120 days after parole was denied.  See Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004); see also Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003); see also 28 U.S.C. § 2244(d).

Here, because the statute of limitations ran as of November 13, 2022, and because petitioner failed to raise his claim relating to bias in state court, his proposed claim is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Even assuming petitioner's proposed new claim properly relates back to April 14, 2023, the date he filed his original petition, his proposed amended petition is still untimely by approximately five months.  The court finds that granting leave to amend to add a claim that is time-barred would be futile.

Second, petitioner has not exhausted his state remedies as required for federal habeas review under 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

4

315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  The exhaustion requirement may be satisfied either (1) "by providing the highest state court with an opportunity to rule on the merits of the claim" or (2) "by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

Here, petitioner has not exhausted any claim regarding the alleged bias of the hearing officers.  The court finds that granting leave to amend to add an unexhausted claim would be futile.

Third, petitioner's proposed new claim is not cognizable.  For purposes of federal habeas review, the only cognizable parole-related claims are those related to notice and the opportunity to be heard.  See Swarthout v. Cooke, 562 U.S. 216, 220–21 (2011).  Claims that relate to the nature of evidence upon which a parole board denies a request for parole are, therefore, not cognizable.  See id.  The court finds that granting leave to amend to add a non-cognizable claim would be futile.

III. Conclusion

For the reasons discussed above, the court agrees with the analysis originally offered by the magistrate judge.  (See Docket No. 40.)  Accordingly, the court finds no reason to reach a different conclusion regarding adoption of the findings and

5

recommendations.  (Docket No. 28.)

IT IS THEREFORE ORDERED that petitioner's motions for leave to amend his petition (Docket Nos. 34, 36, 59) be, and the same hereby are, DENIED.

IT IS ALSO ORDERED that petitioner's first and second amended petitions (Docket Nos. 35, 37) be, and the same hereby are, STRIKEN.

ACCORDINGLY, IT IS FURTHER ORDERED that:

(1)  The findings and recommendations filed May 14, 2024, (Docket No. 28) be, and the same hereby is, ADOPTED IN FULL.

(2)  Respondent's motion to dismiss (Docket No. 12) be, and the same hereby is, GRANTED.

(3)  The Court DECLINES to issue a certificate of appealability.

(4)  The Clerk of the Court is directed to enter judgment and close this file.

IT IS SO ORDERED

Dated:  June 23, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6