**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JERALD D. GAZAWAY,

Petitioner,

v.

STATE OF CALIFORNIA,

Respondent.

No. 2:23-CV-0699-WBS-ICD

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court in this closed action is Petitioner's motion for amended or additional findings of the final judgment, ECF No. 62. Also before the Court is Petitioner's request for ruling on that same motion, ECF No. 64.

On June 23, 2026, Judge Shubb denied Petitioner's motions for leave to amend his petition and adopted findings and recommendations granting Respondent's motion to dismiss. *See* ECF No 60. Judge Shubb ordered the case closed. *Id*. Petitioner then brought the motion for amended or additional findings of the final judgment, which Judge Shubb referred to a magistrate judge. ECF Nos. 63.

Petitioner moves for "an Amended or Additional Findings of the Final Judgement per FRCP Rule 59(e)." ECF No. 62 at 1. Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, a motion to alter or amend a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995).

Under Rule 59(e), there are four basic grounds under which a court may amend judgement: (1) if such motion is necessary to correct manifest errors of law or fact upon which

the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Petitioner argues that the Court's final judgment was "induced by a clearly erroneous view of the law;" the Court finds no such error. Final judgment was entered in this case because Petitioner's claim that the denial of parole was not based on "some evidence" was not a viable claim under Federal habeas law. *See* ECF Nos. 28 (findings and recommendations) and 42 (order adopting findings and recommendations). As the Court previously stated in ECF No. 55, Petitioner has not pointed to any facts which would suggest that the Court's determination was clearly erroneous, either legally or factually. *See id*. In cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Petitioner claims that the Court has improperly denied habeas relief because the State's review of his parole case violated his fundamental rights. ECF No. 62 at 2. Petitioner claims that his federal due process rights were violated because the denial of parole was not based on "some evidence," specifically evidence of current dangerousness. As discussed above and previously by Judge Shubb, it is not the place of the federal court to rule on how California's "some evidence" parole standard has been applied except to inquire as to the basic procedural guarantees. Here, Petitioner has not claimed any denial of notice or a right to be heard. Because the federal constitution requires nothing more in the parole context, the petition must be denied.

Accordingly, the undersigned RECOMMENDS that:

1. Petitioner's motion for amended or additional findings of the final judgment, ECF No. 62, be DENIED.
2. Petitioner's request for ruling on that same motion, ECF No. 64, is GRANTED, by way of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE